Haynes, J.
In this case the Tillinghasts brought suit against Craig to reverse the judgment of the court of common pleas in an action wherein the plaintiffs in error were plaintiffs below, and the defendant in error was defendant below. The suit was brought on a check given by the defendant Craig to Tillinghast Brothers on the Union Savings Bank of Toledo, Ohio. The defendant, admitting the giving of the check, sets up two defenses. He says in short that the check was given in payment of a policy of insurance that it was proposed to procure for him in a certain insurance company for which the Tillinghast Brothers were agents, and was dated in advance under an agreement that if they procured him a policy of insurance and delivered the same to him, and he approved and accepted the same, the check was then to be paid — in short, to procure a policy of insurance subject to his acceptance and approval. When that was done they *532 were to have the money. And be avers that they never did: procure such policy of insurance, and that he directed that the check should not be paid, and the saméis void in plaintiff’s hands, and that it is without consideration also. He-says for a second defense that at the same time he made an arrangement with regard to the policy of insurance that it was made under an arrangement with the agent that a portion of the premiums on said policy, the premium amounting to $270.00, should be rebated, in consideration that ho would take the insurance, and that there was rebated from that sum the sum of 174.00, leaving the amount $200.00 that he was to pay for the first year’s premium upon the policy, instead of $270.00, which was the regular amount which should have been paid. And he says that by reason of these allegations said rebate contract was illegal and contrary to the laws of the state of Ohio,as contained in volume 86, O. L., 220; that he himself did not know at the time that it was illegal, and that for that reason the check was not good in the hands of the plaintiffs.
It appears in substance that this insurance was solicited by a man of the name of Moses R. Howard, who had an agreement with the Tillinghast Brothers to operate for them and they for the society- — tillinghast Brothers being the agents at this point. It appears further that under the agreement that was made between Howard ar.d the Til-linghasts he was to have a certain rate or proportion of the premium for the first year, so this commission would amount,on $270.00, to quite a large sum of money — 25 per cent, perhaps. It further appears that at the time that this arrangement was made between Craig and Howard with regard to this insurance it was proposed by Howard that the sum of $74.00 should be rebated upon the amount of the premium. Howard says that instead of it being given as a rebate, it was given to Craig on an agreement that he should procure insurance upon the lives of other people, and *533 that this sum was to be applied on a sum that was to be allowed by Howard to him for obtaining such insurance, and if there was anything additional to that amount which would be coming to him upon the sum that was to be allowed to him, Howard should pay same in cash. That is denied by Craig. This was a question that was submitted to the jury, and was found in favor of Craig. .
Howard sent and got the insurance that was agreed upon as he claimed, but it proved.to be a bond, as it is called, in the nature of an endowment policy.
Craig says this was not satisfactory to him, was not what he agreed for at the time, There was quite an amount of correspondence and some more agreements and arrangements and conversations in regard to the matter. That policy or bond was sent back, and it is said that another policy was issued and placed in the hands of Tillinghast Brothers, but they never tendered it to Craig, but allowed it to remain there subject to his order,
At the time of applying for the insurance Craig gave his note for $274.00, and upon that note was endorsed the sum of $74.00, endorsing it down to $200. That was for the amount of the first year’s premium upon the policy. During these negotiations that were going on in regard to the policy which was to be delivered, that note became due, and Til-linghast was here and had some conversation about it, and an arrangement- was entered into, as was claimed by Craig, whereby he gave this check in question upon that note, but with the understanding and agreement, it being dated in the future, that before it became due the policy should be obtained and delivered to him according to the original agreement, to his full satisfaction and acceptance, and he avers that that was never done, and that upon the check becoming due he stopped payment upon it.
It is contended here very earnestly by the ■ plaintiffs in this case that Moses B. Howard in this matter was not the *534 agent of plaintiffs or of the society in such a sense as would make the society responsible,or the Tillinghasts responsible for anything that he might have done contrary to law in regard to the rebate that has been spoken of. It is claimed further by them that there is evidence to show that the Tillinghast Brothers were in fact purchasers of this note before due for a full and valuable consideration, who took it free from any defenses of the kind that are set up hers, and that therefore the check was valid in their hands, and not subject to any defense.
° We have read the testimony all-through, and have given it a very careful discussion. We are of the opinion that Howard was, under the decisions of the supreme court of the state of Ohio, in fact the agent of Tillinghast Brothers in such a sense as would make them responsible for the agreement in regard to this rebate, and for the consequences that might flow from it, and that the transaction is contrary to the public policy of the state of Ohio. We are satisfied also under the arrangement that was made between these parties that Tillinghast Brothers were not and could not be under the arrangement the bona fide purchasers of that paper; that the paper was taken under such an arrangement that the taking of it was' the taking for the Tillinghasts: they were entitled to the paper, but at the same time Howard became an endorser upon the paper, to a certain extent — 'perhaps guarantor of the- payment of the same.
As against the authorities which were cited by plaintiffs in error upon the question of agency, we call attention to the case Life Insurance Company v. Sherman, et al., Executors, etc., 30 Ohio St., 647. We think that case [very clearly lays down the law as it exists in the state of Ohio, and is perhaps directly opposed to some of the decisions that were cited by plaintiffs in error, but is of course the law binding upon this court, and we think it[sustains the *535 propositions that Tillinghast Brothers were responsible for the acts of Howard in procuring this insurance.
The section of the statutes referred to on page 220,of volume 86, O. L., provides in substance that:
“Such company or agent shall not pay, or allow or offer to pay, or allow, as inducement to insurance any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, any valuable consideration or inducement whatever not specified in the policy contract of insurance. Every corporation, or officer or agent thereof, who shall willfully violate any of the provisions of this act, shall be fined in any sum not exceeding $500, to be recovered by action in the name of the state, and on collection paid into the county treasury for the benefit of the common school fund.”
It will be observed that the statute does not declare that the policy itself shall be void. But in this case we are dealing with an action that is brought by the agent of the society upon a note given, or what is equivalent thereto, a check for the note, for the prem um of the first year upon the policy, upon which there had been allowed, as the jury found, a rebate of $74.00 contrary to this statute.
The statute clearly indicates what the policy of the state of Ohio is in regard to this matter; and it seems to be clear that this note and check badjreen given under an arrangement contrary to the public policy of the state of Ohio, as the jury have found, and we think, under these circumstances, that the note and the policy under it became void in the hands of the Tillinghasts,and that the jury might well have so found. I may as well say in this connection that upon the facts of the case the jury were fully warranted in finding for the defendant.
Exceptions'were taken to the charge of the court as given, and also to its giving of certain charges that were requested by the defendant. I think it is unnecessary to read this charge or to read these various requests; it is sufficient to *536 say that they are in line with the decision of the supreme court of the state which we have already cited, and in line with the view that this court takes of the statute which has already been referred to, and that the court in giving these requests stated the law substantially correctly.
C. F Watts, for Plaintiffs in Error.
J. N. Huntsberger, for Defendant in Error.
Exceptions were taken to the action of the court in ruling out certain questions to a witness, being the deposition of Moses R. Howard. We have examined those. We think the court did not err in its action in regard to those questions. They are not of sufficient importance to justify going over them and discussing them at length, but sufficient to say we have no doubt of the correctness of the action of the court in striking them out.
The judgment of the court will be affirmed.